UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NOLAN KEITH LUCAS,

                    Plaintiff,                  Case No. 2:06-cv-209

v.                                       Honorable Robert Holmes Bell

PATRICIA L. CARUSO et al.,

                    Defendants.

_____/

**<u>OPINION</u>**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In addition, under the PLRA "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Caruso, Metrish, Stallman, Malloy, Borgerding, Unknown Doctor, and

Unknown Parties for failure to exhaust available administrative remedies.  The Court will order service on Defendant Eric Joseph Siesel.

### Discussion

I.      Factual allegations

Plaintiff is presently incarcerated at Kinross Correctional Facility (KCF).  He complains of events that occurred at the Hiawatha Correctional Facility and KCF.  In his *pro se* complaint, he sues the following employees of the Michigan Department of Corrections (MDOC): MDOC Director Patricia Caruso, KCF Warden Linda Metrish, Dr. Stallman, Terry Malloy, Dr. William Borgerding, Dr. Eric J. Siesel, Unknown Doctor, and Unknown Parties.

Plaintiff alleges that in late 2004, he received a prescription for the pain medication Indocine from a doctor at the Hiawatha Correctional Facility.  The doctor failed to explain to Plaintiff the possible side effects of Indocine. Subsequently, in December 2004, Dr. Stallman renewed the prescription and increased the dosage from two to three times daily.  Dr. Stallman likewise failed to inform Plaintiff of the possible side effects of the medication.  In February 2005, after Plaintiff was transferred to KCF, he began experiencing problems with the vision in his right eye.  He was seen by Dr. Siesel, a KCF optometrist.  Although Plaintiff explained all of his symptoms, informed the doctor that he was taking Indocine, and requested that his eye be dilated and examined, Dr. Siesel's examination consisted of having Plaintiff read from the eye chart.  Dr. Siesel prescribed stronger prescription glasses.

The new glasses did not rectify Plaintiff's vision problems, and he was seen again by Dr. Siesel in June 2005.  Dr. Siesel's examination of Plaintiff's dilated eye revealed Branch Retinal Vein Occlusion.  Plaintiff was referred to the Grand Traverse Opthlmology Clinic,  where he was

2

allegedly told that had proper procedures been followed at his initial visit with Dr. Siesel, his vision loss could possibly have been prevented.   At his final appointment at the Grand Traverse Opthlmology Clinic on March 21, 2006, Plaintiff was informed that his vision loss was significant, and that he would forever be partially blind in his right eye.

Plaintiff claims a violation of his Eighth Amendment rights.   For relief, he requests damages in the amount of five million dollars.

II.   Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies.   Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).   The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.   *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.   A district court must enforce the exhaustion requirement *sua sponte*.   *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.   *Brown*, 139 F.3d at 1104.   Plaintiff attached to his complaint copies of the Step I grievance he filed (grievance no. 05-09-0836-12g3), and the Steps II and III responses. *See* Pl.'s Compl. Attachs. ##12, 13, and 14.

The Michigan Department of Corrections provides a three-step prison grievance process.   *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (prisoners may grieve "alleged

violations of policy and procedure or unsatisfactory conditions of confinement") (effective 12/19/03).  In order to properly exhaust the available administrative remedies, a prisoner must raise each of his claims for the first time at Step I of the grievance process.  *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).  The grievance Plaintiff has attached to his complaint establishes that he has identified at Step I the alleged inadequacy of the medical attention he received at KCF with regard to his vision problems.

A prisoner, however, must also "administratively exhaust his . . .  claim as to each defendant associated with the claim." *Id.*; *accord Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir.2003); *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001) (stating that a prisoner must "file a grievance against the person he ultimately seeks to sue"); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").  To exhaust a claim against a particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the defendant at Step I of the [MDOC] grievance process." *Burton*, 321 F.3d at 574.  Raising allegations against a particular defendant for the first time at Step II or III, including a violation of the grievance procedures, is insufficient to demonstrate exhaustion.  *Id.* at 576 n.4.  In his grievance, Plaintiff names only the "Optometrist" who examined him in February 2005.  Although he did not refer to Dr. Siesel by name, his reference to the "Optometrist," and the date of the examination was sufficient to put the MDOC on notice of his claim against Dr. Siesel.  Plaintiff has failed, however, to exhaust his claims against the remaining Defendants.

4

Where a prisoner's complaint contains both exhausted and unexhausted claims, the unexhausted claims should be dismissed without prejudice while the exhausted claims are allowed to proceed.  *Bell v. Konteh* 450 F.3d 651, 654 -55 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006).

III.    Merits

Courts considering a prisoner's Eighth Amendment claim must determine whether the defendant acted "with a sufficiently culpable state of mind," and if the wrongdoing was objectively "harmful enough" to establish a constitutional violation.  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Accepting the allegations in the complaint as true, Plaintiff  has stated a viable Eighth Amendment claim.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss the Plaintiff's complaint without prejudice against Defendants Caruso, Metrish, Stallman, Malloy, Borgerding, Unknown Doctor, and Unknown Parties for failure to exhaust his administrative remedies as to those Defendants pursuant to 42 U.S.C. § 1997e(a).  The Court will order service of Plaintiff's complaint on Defendant Eric Joseph Siesel.  An Order consistent with this Opinion will be entered.


Date:    September 19, 2006            /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE